IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JASPER BANKS, | ) | C.A. No. 4:03-3248-TLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **WRITTEN OPINION AND** |
| | ) | **ORDER** |
| CULINAIRE INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

On October 14, 2003, the plaintiff initiated the instant action alleging claims for wrongful denial of a promotion and constructive discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). The defendant denies these allegations and has filed a motion for summary judgment. The plaintiff opposes this motion.

This matter now comes before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned. In his Report, Magistrate Judge Rogers recommends that the "defendant's motion for summary judgment be denied as to plaintiff's failure to promote claim under Title VII and be granted as to plaintiff's constructive discharge claim." As reasoned, in part, by the Magistrate Judge:

> ...a reasonabl[e] juror could believe that qualifications were not the real reason plaintiff was not promoted. This coupled with plaintiff's *prima facie* case is sufficient to present this claim to a jury based on the record presented...

> Generally, a constructive discharge claim involves objectively intolerable conditions which cause an employee to quit. Plaintiff denies that he quit. While circumstances may exist that support a claim for constructive discharge [footnote omitted] where the employee does not quit but the employer's actions amount to a covert discharge, plaintiff has failed to present facts upon which a reasonable juror could so find in this case.

The defendant has filed objections to the Report.

> In conducting this review, the Court applies the following standard:
>
> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed, *de novo*, the Report and the objections thereto. The Court accepts the Report in its entirety.

A *de novo* review of the record indicates that the Report accurately summarizes this case and the applicable law. For the reasons articulated by the Magistrate Judge, it is **ORDERED** that the defendant's motion for summary judgment is **DENIED** as to plaintiff's failure to promote claim under Title VII and is **GRANTED** as to plaintiff's constructive discharge claim.

**IT IS SO ORDERED.**

<u>S/ Terry L. Wooten</u>
Terry L. Wooten
United States District Court Judge

September 26, 2005
Florence, South Carolina